UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| PRATT LOGISTICS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 2:21CV148-PPS |
| | ) | |
| UNITED TRANSPORT, INC., | ) | |
| CHARLOTTE F. MENDEZ, | ) | |
| ERNEST A. FIELDS, and | ) | |
| C&E TRANSPORT, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Plaintiff Pratt Logistics, LLC filed a motion to dismiss the counterclaims of defendant United Transport, Inc. [DE 49.] Subsequently, Pratt amended its complaint. [DE 54.] This necessitated new responsive pleadings by the defendants, and defendant United filed its Answer to Amended Complaint on November 19, 2021. [DE 59.] United's new Answer omits the counterclaims and crossclaims it had pleaded in its original answer. [DE 47 at 25-39.] This new pleading by United supersedes its previous Answer including the counterclaims against Pratt and cross-claims against co-defendants Charlotte Mendez, Ernest Fields and C&E Transport, Inc.

Ironically, in briefing on its own motion to dismiss Pratt's Amended Complaint, United has itself recently cited *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999), for the proposition that "when a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward." [DE

63 at 1.] The same is true of an amended answer. *Heckler & Koch, Inc. v. German Sport Guns GmbH*, 71 F.Supp.3d 866, 878 (S.D.Ind. 2014) (citing *Massey*). The omission of the counterclaims and crossclaims from the new pleading removed them from the case. "'The prior pleading is in effect withdrawn as to all matters not restated in the amended pleading, and becomes functus officio.'"[1] *Duda v. Bd. of Educ. of Franklin Park*, 133 F.3d 1054, 1057 (7th Cir. 1998) (quoting *Fuhrer v. Fuhrer*, 292 F.2d 140, 144 (7th Cir. 1961)). Pratt's motion to dismiss the old counterclaims [DE 49] is therefore moot.

I note that the parties continued to brief the motion to dismiss the counterclaims even after the new answer was filed, without any mention of the omission of the counterclaims from the new answer. [DE 55, 56, 60.] This suggests that the omission was by accident rather than by design. United may of course seek leave to amend the answer to interpose the crossclaims and counterclaims again. In doing so, United may alter the counterclaims in view of the arguments raised in Pratt's motion to dismiss them as originally pled. That possibility provides additional support for mooting the pending motion to dismiss the counterclaims, which may of course also be refiled as appropriate, if United re-introduces the counterclaims to the case.

**ACCORDINGLY:**

---

[1] I had to look that one up myself. According to Merriam-Webster, it means "of no further official authority or legal effect."
https://www.merriam-webster.com/legal/functus%20officio

Plaintiff Pratt Logistics, LLC's Motion to Dismiss Counterclaims by United Transport, Inc. [DE 49] is DENIED WITHOUT PREJUDICE AS MOOT, in light of United Transport's subsequently filed Answer to Amended Complaint, which contains no counterclaims.

**SO ORDERED.**

ENTERED: February 2, 2022.

                                              /s/   Philip P. Simon
                                              PHILIP P. SIMON, JUDGE
                                              UNITED STATES DISTRICT COURT