UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| PRATT LOGISTICS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 2:21CV148-PPS |
| | ) |
| UNITED TRANSPORT, INC., | ) |
| CHARLOTTE F. MENDEZ, | ) |
| ERNEST A. FIELDS, and | ) |
| C&E TRANSPORT, INC., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

At the heart of this case, each of the corporate parties seeks to hold the other accountable for a fraudulent kickback scheme engaged in by faithless employees of both companies. Here are the basic facts: Pratt Logistics is a company for whom defendant Charlotte Mendez used to work as a Shipping Manager. Pratt's complaint alleges that defendant United Transport approached Mendez about providing shipping services to Pratt. United got the business, but only with a catch. United was required to pay a "commission" to Mendez in exchange for steering the work United's way. [DE 1 at ¶¶11-13.]  For its part, United says it was the victim of Mendez's extortion scheme; she approached United and demanded money, not the other way around. Either way, whether this was a bribe or the payment of an extortionate demand, the kickback money was eventually sent to a shell company—C&E Transport—of which Mendez and her husband, defendant Ernest Fields, are both shareholders. [*Id*. at ¶¶13, 6, 7.]

The case is before me on a *fifth* motion to dismiss, this time Pratt's motion to dismiss the amended counterclaims of defendant United Transport. The motion is brought under Fed.R.Civ.P. 12(b)(6) for failure to state a claim.  [DE 73.]  Count I of the amended counterclaims is labeled "Respondeat Superior."  [DE 72 at 51.]  Counts II and III are identified as "Apparent Agency" and "Inherent Agency," respectively.  [*Id*. at 53, 54.]  Finally, Count IV is a claim for "Negligent Supervision and Retention."  [*Id*. at 55.]  The motion has been fully briefed for some time now, but I had put the matter on hold while the parties explored settlement.  I was recently advised by Magistrate Judge Rodovich that those efforts proved futile, and so the motion is now ripe for decision.

## Rule 12(b)(6) Standards

To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss under Rule 12(b)(6), the complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  This pleading standard does not necessarily require a complaint to contain detailed factual allegations. *Twombly*, 550 U.S. at 555.  "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing *Twombly*, 550 U.S. at 556).

2

## Discussion

At oral argument, I pointed out that respondeat superior, apparent agency and inherent agency are not causes of action, but merely theories of vicarious liability.  But that is not a basis of Pratt's motion to dismiss the counterclaims.  Counts I, II and III all sound in fraud, as they are based on allegations that Pratt's Shipping Manager Mendez made misrepresentations to United about "commissions" United would have to pay for any shipping loads assigned to it by Pratt. According to the amended counterclaim, United relied on the misrepresentations to its detriment, by paying the kickback "commissions" to defendant C&E Transport. Recall that C&E Transport is a dummy company owned by Mendez and her husband, defendant Ernest Fields. The theories of vicarious liability are identified to support United's assertion that Pratt is liable for Mendez's fraudulent conduct.

There is another piece of litigation relating to this sordid affair, and it's in state court. United sued its own faithless employee, Sonja Sabo-Djuric, its former Dispatch Operations Manager, alleging that she conspired with Mendez by falsely telling United that Pratt required the commissions for United to obtain the shipping work.  In support of its motion to dismiss, Pratt argues that United's allegations in its action against Djuric are "judicial admissions" that Djuric was acting within the course and scope of her employment with United, to benefit United by obtaining the shipping work for Pratt. [DE 74 at 8.]

I find this to be a tortured reading of United's allegations against Djuric. United's state court lawsuit claims that Djuric was a rogue employee who made false representations to United which it relied on to its detriment—paying $170,000 in kickbacks it shouldn't have had to pay in order to obtain the shipping work from Pratt. [DE 74 at 3.]  As United puts it, "United has alleged that Sabo-Djuric used her position as United's employee to defraud *United*."  [DE 75 at 2 (emphasis in original).]  Pratt's contention that United has admitted to participating in the scheme and benefitting from it is unpersuasive, and not a basis for dismissing any of United's counterclaims. Equally unavailing is Pratt's surprising argument that United has not alleged any injury in support of its counterclaims [DE 74 at 9], given that United is clearly complaining about having to shell out $170,000 in kickbacks in order to get the shipping business.

Pratt challenges the respondeat superior counterclaim by arguing that, unlike Djuric's conduct to United's benefit (or so it maintains), the wrongful conduct of Mendez provided no benefit to Pratt.  [DE 74 at 8-9.]  Pratt invokes the principle that respondeat superior liability requires that the agent's conduct "further the employer's business."  *Barnett v. Clark,*, 889 N.E.2d 281, 283 (Ind. 2008).  Pratt contends that because "Mendez's actions harmed Pratt Logistics[, h]er actions and knowledge cannot be attributed to Pratt Logistics, like Djuric's are to United."  [DE 74 at 9.]  Pratt does not explain how "Mendez's actions harmed Pratt Logistics."  [*Id.*]  I've seen no indication that Pratt did not obtain the shipping services it contracted for from United. And it got those services for the price it bargained for with United. The fact that some of the

4

money was boomeranged back to C&S, does not mean that Pratt didn't get what it bargained for.  So, at least to that extent, Mendez appears to have been doing her job as Shipping Manager, to Pratt's benefit.  Pratt's argument does not defeat the respondeat superior argument at this stage of the case.

To the extent that Counts I, II and III of the counterclaim are premised on fraud (although not explicitly alleging fraud as the cause of action), Pratt argues that the counterclaims fail to meet the particularity requirements of Fed.R.Civ.P. 9(b).  United replies by identifying the what ($171,660), the how (false representations that Pratt required these "commissions"), the where (Pratt's Valparaiso facility), and the when (March 2019 to January 2020 when United learned the truth and stopped paying).  [DE 75 at 16-17.]  United cites allegations within the counterclaim for each of these elements, successfully demonstrating that Rule 9(b)'s pleading requirements are met.  Pratt's argument under Rule 9(b) is baseless.

The fourth counterclaim for negligent supervision and retention was newly added by United on April 4, 2022, and the timing of it is a puzzle.  Indiana recognizes the torts of negligent supervision and retention, *see Branscomb v. Wal-Mart Stores East L.P.*, 165 N.E.2d 982, 985 (Ind. 2017), but like all other torts in Indiana law, it must be commenced within two years after the cause of action accrues. Ind. Code §34-11-2-4(a)(1). Because United did not plead this claim in its original counterclaims [DE 47], Pratt argues that the negligent supervision/retention claim is barred by Indiana's two-year statute of limitations.  [DE 74 at 9-10.] Under Indiana's discovery

5

rule, claims accrue—triggering the start of the two-year statute of limitations period—when a party knew, or in the exercise of ordinary diligence, could have discovered that it sustained injury as a result of another's negligence. *Cooper Indus., LLC v. City of South Bend*, 899 N.E.2d 1274, 1280 (Ind. 2009). Although a plaintiff need not plead around a statute of limitations defense, the issue can support dismissal under Rule 12(b)(6) where "the plaintiff's allegations establish that the statute of limitations bars recovery." *Milchtein v. Milwaukee County*, 42 F.4th 814, 822 (7th Cir. 2022), citing *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009).

In response to Pratt's motion, United (confusingly) replies: "United has alleged that it found out about the scheme to defraud it in late January 2020 [Dkt. 72, p.50, ¶15]. As a result, its claims against Pratt were timely filed." [DE 75 at 2.] At the risk of stating the obvious, April 4, 2022 is not within two years of January 2020. What's more, surprisingly, United does not argue that Count 4 of its counterclaim (the negligent retention/supervision count) relates back under Rule 15 to the filing of its original counterclaims. *See* Fed.R.Civ.P. 15(c). So any argument premised on the relation back doctrine is waived.

In sum, United's own counterclaim pleads the relevant facts establishing that its new Count IV, first filed on April 4, 2022, was not asserted within two years of its knowledge of the underlying facts. Count IV will therefore be dismissed as untimely asserted.

## Conclusion

Count IV of United's amended counterclaim will be dismissed as untimely under the applicable two-year Indiana statute of limitation. Pratt's motion to dismiss will otherwise be denied. To survive a motion to dismiss, a complaint need only contain factual allegations, accepted as true, sufficient to state a facially plausible claim for relief. *Iqbal*, 556 U.S. at 678. Pratt's motion to dismiss fails to demonstrate that the factual content of Counts I, II and III of United's amended counterclaim do not support a reasonable inference that Pratt is liable for the misconduct alleged. *Id*. Taken as a whole, the allegations are enough to raise a right to relief above the speculative level on the fraud-based counterclaims. *Twombly*, 550 U.S. at 555.

ACCORDINGLY:

Plaintiff Pratt Logistics, LLC's Motion to Dismiss United Transport, Inc.'s Amended Counterclaims [DE 73] is GRANTED IN PART as to Count IV on statute of limitations grounds, and is otherwise DENIED as to Counts I, II, and III.

SO ORDERED.

ENTERED: March 23, 2023.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT